UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS WRIGHT,

                Plaintiff,

-against-

WARDEN RMSC JOHN DOE; GRIEVANCE SUPERVISOR JANE DOE,

                Defendants.

24-CV-5711 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who alleges that she is in pretrial detention at the Rose M. Singer Center ("RMSC") on Rikers Island, brings this action *pro se*.[1] Plaintiff sues the RMSC Warden and an unidentified RMSC supervisor, alleging that Defendants violated her federal constitutional rights. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

    By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days to file an amended complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] The Court assumes that Plaintiff does not identify as male because RMSC is a female-only designated facility on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint.[3] From April 19, 2024 through July 2024, the time during which Plaintiff was detained at RMSC, Plaintiff "experienced serious back pain due to the unlawful mattresses that was given to me." (ECF 1, at 4.) Plaintiff contends that her mattress "is not supposed to be on a foundation." (*Id.*) Moreover, she claims that the "thinning of th[e] mattress as well as me laying on it is sending painful shocks to my shoulder & back as well as my legs." (*Id.*)

In addition, Plaintiff alleges that "[t]he grievance committee here @ RMSC has committed an unlawful act by not allowing me to exhaust my remedial rights to solve this present problem." (*Id.*) She contends that this conduct on the part of the grievance committee is "retaliatory." (*Id.*)

Plaintiff seeks money damages in the amount of $500,000.

## DISCUSSION

**A.     Conditions of Confinement Claim**

The Court construes the complaint as asserting a conditions of confinement claim because Plaintiff alleges that her mattress, issued by the New York City Department of Correction ("DOC"), caused her to experience serious back and shoulder pain. Because Plaintiff was in pretrial detention at the time the events underlying this claim occurred, the Court treats this claim as arising under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that where an individual is in pretrial detention, the Fourteenth Amendment applies).

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation as are in the original unless noted otherwise.

To state a conditions of confinement claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *See id.* at 29-33. A plaintiff satisfies the objective element of a conditions of confinement claim by "'show[ing] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

To satisfy the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of an official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

To state a conditions of confinement claim regarding the issuance of a mattress, a plaintiff must allege facts suggesting that "'the plaintiff had a medical condition requiring a non-standard bed to protect against serious damage to his future health' or 'that the medical condition was itself created by an inadequate bed or mattress.'" *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *6 (S.D.N.Y. March 30, 2017) (quoting *Youmans v. Schriro*, No. 12-CV-3690 (PAE) (JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, 2017 WL 1405753 (S.D.N.Y. Apr. 17, 2017). "Simply alleging that a

mattress is uncomfortable is insufficient to 'show that the conditions . . . pose an unreasonable risk of serious damage to [the plaintiff's] health.'" *White v. Schriro*, No. 16-CV-6769 (PAE) (JCF), 2017 WL 3268202, at *3 (S.D.N.Y. July 31, 2017) (quoting *Walker*, 717 F.3d at 125).

Here, Plaintiff does not state facts satisfying either element of a conditions of confinement claim. First, Plaintiff states only that she suffers from back and shoulder pain, not that this condition is serious enough that it requires medical attention; nor does Plaintiff allege that she sought any medical care to treat her condition. Second, Plaintiff does not allege facts suggesting that correctional staff knew, or should have known, of an excessive risk to her health or safety and disregarded that risk. While Plaintiff does allege that she attempted to grieve this issue, she does not state any facts suggesting that she informed medical staff of her condition, or that any staff should have been aware of her condition, but ignored the risk posed by continuing to allow her to use the DOC-issued mattress. The complaint instead suggests only that Plaintiff suffered with back and shoulder pain but did not receive medical care for her condition. For these reasons, the Court finds that Plaintiff fails to state a conditions of confinement claim and dismisses the claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege any facts in support of her conditions of confinement claim suggesting that correctional staff violated her constitutional rights in connection with her DOC-issued mattress. In any amended complaint Plaintiff files, she must describe the nature of her medical condition and any communication she initiated with RMSC medical staff.[4]

---

[4] Plaintiff attaches to the complaint a copy of a tag to her mattress that indicates the mattress should be used without a foundation. A court has explained that such a tag warning on mattresses "relates to fire safety, not to chiropractic health." *Youmans*, 2013 WL 6284422, at *2.

B. **Grievance Claim**

To the extent Plaintiff seeks relief under Section 1983 for the alleged denial of access to RMSC's grievance program, the Court dismisses this claim. The denial of access to a grievance program does not violate the United States Constitution, either under the First Amendment or the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Coke v. Koeningsman*, No. 19-CV-10038 (PMH), 2021 WL 3115438, at *10 (S.D.N.Y. July 22, 2021) ( "[T]o the extent Plaintiff's claim arises from either the violation of a prison's grievance procedures, or the denial of one of his grievances, neither circumstance gives rise to a viable access-to-courts claim."); *Johnson v. Wala*, No. 14-CV-01151, 2015 WL 4542344, at *4 (N.D.N.Y. July 27, 2015) ("[I]nmate grievance programs created by state law are not required by the Constitution and [as] a consequence[] allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." (alterations in original); *Corley v. City of New York*, No. 14-CV-03202, 2015 WL 5729985, at *9 (S.D.N.Y. Sept. 30, 2015) ("The First Amendment is not implicated, however, where prison officials deny an inmate access to grievance procedures."); *Mimms v. Carr*, No. 09-CV-05740, 2011 WL 2360059, at *10 (E.D.N.Y. June 9, 2011) ("It is well-established that prison grievance procedures do not create a due-process-protected liberty interest."), *aff'd*, 548 F. Appx 29 (2d Cir. 2013).

Accordingly, Plaintiff's claim regarding her access to RMSC's grievance program does not state a constitutional claim under Section 1983, and the Court dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

C. **Retaliation Claim**

Plaintiff asserts that unidentified correctional staff at RMSC retaliated against her in connection with her attempt to grieve her complaint about her mattress. This allegation could be read as an attempt to assert a First Amendment retaliation claim.

To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected conduct and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citation and alteration omitted). First Amendment retaliation claims must be "supported by specific and detailed factual allegations" and may not be stated "in wholly conclusory terms." *Dolan*, 794 F.3d at 295 (citation omitted).

The first element of a retaliation claim may be satisfied if correctional staff retaliated against a detained individual for "pursuing a grievance"; it is well established that denying a pretrial detainee access to the grievance system "violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (quoting *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir.1996) (internal quotation marks omitted)); *see also*, *e.g.*, *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir .2004) ("[Plaintiff] has sufficiently alleged . . . participation in protected activity: the use of the prison grievance system."); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (The "intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy." (alterations and internal quotation marks omitted)).

To satisfy the second element, that correctional staff took adverse action against a detained individual, a plaintiff must show that the "retaliatory conduct . . . would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quotation marks omitted).

Finally, to satisfy the third element, a plaintiff must allege facts that "support the inference that the speech played a substantial part in the adverse action." *Davis,* 320 F.3d at 354. For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2009); *see also Mateo v. Fischer,* 682 F.Supp.2d 423, 435 (S.D.N.Y. 2010) (holding that, where a false misbehavior report was filed one day after he filed a grievance, causation requirement was met) (citation omitted).

Plaintiff does not state a First Amendment retaliation claim. While she does allege that correctional staff denied her access to the grievance program for retaliatory reasons, she does not describe the protected speech or conduct that resulted in correctional staff denying her access. She also does not state facts suggesting any causal connection between her protected speech or conduct and the alleged denial of access to the grievance program. The Court therefore dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court has granted Plaintiff leave to file an amended complaint. Should she want to pursue a First Amendment retaliation claim in an amended pleading, she must allege facts describing her protected speech or conduct that resulted in the alleged retaliation, as well as a causal connection between that protected activity and the adverse action.

**D.      Personal involvement**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.,* 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges no facts suggesting that the RMSC Warden was involved personally with the alleged violations of her federal constitutional rights. The Court therefore dismisses the claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts sufficient to state a conditions of confinement and First Amendment retaliation claims under Section 1983, the Court grants her 30 days' leave to amend her complaint to detail those claims.

**First,** Plaintiff must name as the defendants in the caption[5] and in the statement of claim those individuals who were directly and personally involved in the alleged deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of Doe defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any Doe defendants before the statute of limitations period expires.[7]

**Second,** in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, she must provide it. Plaintiff should include all information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at RMSC, during the 7 a.m. to 3 p.m. shift."

[7] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

  c) a description of the injuries Plaintiff suffered; and

  d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## REFERRAL TO CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. A CBJC informational flyer and retainer agreement are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 2, 2025
            New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                      Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.



Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## **LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT**

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

    **I.**    **LIMITS OF ASSISTANCE**

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____        _____
Signature                                                           Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____   Date of Birth: _____

Facility: _____   Identification # _____

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: _____

**Do you already have an open case with the federal court? (circle one)**   Yes   No

**If yes, what is your case number?** _____

**If yes, which courthouse is it in? (circle one)**   Manhattan   White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other: _____ |
| Native American | South Asian | |

**Gender?** _____

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

| | | |
|---|---|---|
| U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:_____) | Legal Permanent Resident |
| No lawful status | Decline to answer | Other:_____ |

**Marital status? (circle one)**

Single                                             Married

Divorced                                        Separated

Widowed                                       Decline to answer

**Do you have a disability? (circle all that apply)**

| | | |
|---|---|---|
| No | Mental health | Vision |
| Hearing | Mobility | Memory |
| Homebound | Decline to answer | Other:_____ |

**What is your primary language?** _____

**LGBTQ+? (circle one)**          Yes          No          Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**