UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WRIGHT,

                Plaintiff,

-against-

WARDEN RMSC JOHN DOE; GRIEVANCE SUPERVISOR JANE DOE,

                Defendants.

24-CV-5711 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 2, 2025, the Court dismissed the complaint, filed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1), for failure to state a claim and granted Plaintiff 30 days to file an amended complaint. On January 27, 2025, the Court received a letter from Plaintiff asking for a refund because the Court dismissed the action. For the following reasons, Plaintiff's request is denied. As Plaintiff has not filed an amended complaint, the Court directs the Clerk of Court to enter judgment in this action.

## DISCUSSION

      Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal [IFP] [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (describing Congress' amendment of the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch"). Prisoners granted IFP status are permitted to proceed without prepaying the entire $350.00 filing fee at the time of filing the complaint; instead, the fee is deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan).

When a prisoner files a signed prisoner authorization, he acknowledges that he must pay the full filing fee. *See, e.g.*, *Huffman v. Benson*, No. 05-CV-867, 2006 WL 625844, *2 (W.D.N.Y. Mar. 9, 2006) (denying request for reimbursement of partially paid fee, "find[ing] that it is more reasonable to conclude that Plaintiff was aware of the requirements of filing a case IFP and was aware of the consequences of submitting an authorization pursuant to § 1915(b)" (internal quotations marks omitted)). If a prisoner seeks to withdraw an action after a district court has dismissed the matter the prisoner is not entitled to a refund of the filing fee. *See Goins v. Decaro*, 241 F.3d 260, 260 (2d Cir. 2001) (holding that appellant prisoner seeking refund of filing fee after withdrawing the appeal is not entitled to "the return of partial fee payments and the cancellation of remaining fee obligations [because both] are inconsistent with Congress's objectives in enacting the PLRA"); *see also Anderson v. Colosi*, No. 20-CV-2021, 2021 WL 964210, *1 (N.D.N.Y. Mar. 15, 2021) (denying request for refund of the filing fee after Plaintiff moved to withdraw action, and noting that "Plaintiff is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit").

On August 28, 2024, the Court received Plaintiff's signed prisoner authorization, which states in relevant part that "the full $350 filing fee will be deduced in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (ECF 5, at 1.) Because Plaintiff signed the authorization, requiring him to pay the full filing fee even if his case was dismissed, the Court denies Plaintiff's request for a refund.

## CONCLUSION

Plaintiff's request for a refund (ECF 8) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   March 24, 2025
         New York, New York

                                     /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                     Chief United States District Judge